UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ABBEY LAUREL-SMITH,

                    Plaintiff,

     -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DETECTIVE SHAWN WILKINSON,
Shield No. 04059; JOHN DOES and RICHARD
ROES,

               Defendants.

---------------------------------------------------------------X

**JUDGE KOELTL**

**COMPLAINT**

**12 CV    4294**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1.     This is a civil action in which the plaintiff, ABBEY LAUREL-SMITH, seeks relief

for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983; by the United States Constitution, including its First, Fourth and Fourteenth

Amendments and by the laws and Constitution of the State of New York. The plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a timely Notice of Claim with the Comptroller of the City of New York on or about June 1, 2011, within 90 days of the incidents complained of herein.  On June 15, 2011, the Office of the Comptroller sent a letter acknowledging receipt of the Notice of Claim, and assigning it Claim No. 2011PI022608.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff ABBEY LAUREL-SMITH is a citizen of the United Kingdom of Great Britain and Northern Ireland.  Plaintiff was at all times relevant herein a resident of the State of New York, New York County.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks

2

incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.    Defendants POLICE DETECTIVE SHAWN WILKINSON, Shield No. 04059 and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants WILKINSON and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants WILKINSON and JOHN DOES are sued individually and in their official capacity.

10.    Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW

3

YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.    Plaintiff ABBEY LAUREL-SMITH is an internationally acclaimed artist and poet.

12.    Plaintiff has been designated by the United States Department of Homeland Security as an Alien of Extraordinary Ability.

13.    On March 4, 2011, at approximately 1:30 p.m., Plaintiff was inside a building located at 2163 First Avenue, New York, New York, in order to view the space, which had been offered to him by an acquaintance for his use for an exhibition of his artwork.

14.    Plaintiff had never been to the location before.

15.    The location was in a state of considerable disarray, and there were many garbage bags, and other detritus, that needed cleaning up.

16.    In addition to the space in the back where Plaintiff was, there was also - separated by a wood and sheet-rock type barrier – a storefront area in the front, where an individual(s) apparently had operated a business which sold DVDs / CDs, T-shirts, and assorted other merchandise.

17.    Plaintiff had been informed that the storefront business in the front was in the process of moving, and that Plaintiff's art exhibition would serve to clean up and refurbish the space, including the removal of the separation barrier between the storefront area and the back of the space.

18.    Plaintiff had only been at the location for approximately ten minutes or so when

4

Defendant WILKINSON – along with numerous other JOHN DOE and RICHARD ROE

members of the New York City Police Department's ("NYPD") Narcotic Boro Manhattan North

unit – raided the back area where Plaintiff was located.

19.    Unbeknownst to Plaintiff, the Defendant Officers had already raided the storefront

area in the front.

20.    The Defendant Officers were accompanied into the back area by two people who

apparently were involved with the business in the front, storefront area.

21.    The two people were in the Defendant Officers' custody.

22.    The Defendant officers raided the location armed with shotguns, and wearing body

armor.

23.    As the Defendant Officers entered the back area of the location, they shouted at

Plaintiff, his acquaintance, and another individual - who were all in the back area of the location,

and who had no idea what had been going on in the front, storefront area - to get on the floor.

24.    When Plaintiff got on the floor, the Defendant Officers jumped on top of him

roughly and handcuffed him.

25.    The handcuffs were placed upon Plaintiff with a painful and excessive tightness.

26.    Plaintiff had no idea why the police were there.

27.    Plaintiff had no relationship with any illegal business(es) that were conducted by

anyone at or from the location.

28.    The Defendant NYPD Officers on the scene apparently found numerous DVDs at

the location, located inside a number of the garbage bags, that were later alleged to be unlawful

DVDs.

29.    Plaintiff knew nothing about the DVDs, and had no connection with them.

30.    Other than Plaintiff's mere presence at the location, there was no conceivable reason for the NYPD to think Plaintiff had any connection to the DVDs.

31.    On information and belief, the Defendant Officers found no narcotics at the location.

32.    Plaintiff and the four other people who were present at the location – both the two who had been in the front, storefront area, and the two who were with Plaintiff in the rear area - were arrested.

33.    Plaintiff attempted to explain to the Defendant NYPD Officers that he was there only to look at the space for his art exhibition, but the Defendant NYPD Officers just told him to shut up and do as he was told.

34.    The only information the Defendant Officers wanted obtain from Plaintiff was his name, and to know where he was born.

35.    Plaintiff answered the Defendant Officers' questions fully and cooperatively.

36.    The police failed to make any inquiry whatsoever concerning why Plaintiff was present at the location, or even to listen to Plaintiff's attempt to explain why he was there.

37.    The Defendant Officers searched Plaintiff, and confiscated Plaintiff's property, including but not limited to his iPhone.

38.    Plaintiff's iPhone contains irreplaceable data and Plaintiff's writings in-progress.

39.    The Defendant Officers put Plaintiff and the four other arrestees in a van where they were held, rear-cuffed, for many hours.

40.    After these hours in the van, Plaintiff and the other arrestees were taken to the

6

NYPD 25th Precinct.

41.    At the 25th Precinct, Plaintiff was not permitted to wear his shoes, and was made by the Defendant Officers to remove his pants.

42.    Plaintiff was fingerprinted and photographed by the Defendant Officers at the 25th Precinct.

43.    Sometime later that night Plaintiff was taken by the Defendant Officers to Manhattan Central Booking.

44.    The trip to Central Booking – during which time Plaintiff was also rear-cuffed – also took hours, as the Defendant Officers who were transferring Plaintiff made a number of unexplained stops.

45.    At Central Booking, Plaintiff was again photographed.

46.    At Central Booking, Plaintiff was also subjected to an iris scan.

47.    Plaintiff was held at Central Booking until he was initially produced at arraignment before a judge on the morning of Saturday, March 5, 2011.

48.    The judge, on information and belief, initially set bail in the amount of $3,000.

49.    Plaintiff was then – for reasons unknown to him – held at the Central Booking facility for the remainder of Saturday, March 5, 2011, and overnight until March 6, 2011, when he was again produced before a judge.

50.    At this second arraignment proceeding, on information and belief, the $3,000 bail that had previously been set was removed, and Plaintiff was released on his own recognizance on March 6, 2011 during the daytime.

51.    Plaintiff, and 3 co-defendants, were all charged on the same Criminal Court

7

Complaint with one count of violation of NY State Penal Law § 275.40, Failure to Disclose the Origin of a Recording in the First Degree, and with one count of violation of NY State Penal Law § 165.71, Trademark Counterfeiting in the Third Degree.

52.    Defendant WILKINSON is the Complainant on the Criminal Court Complaint lodged against the Plaintiff.

53.    The Criminal Complaint alleges that one of Plaintiff's co-defendants was "standing at the above location, a store, counting money, and that deponent [Defendant WILKINSON] further observed numerous DVDs being displayed for sale and also observed signs stating in substance 'we custom make music CDs, any artist, any song, any mix' and 'original DVD movies, only $6.99.'"

54.    The only factual allegation in the Criminal Complaint concerning Plaintiff is that he and his three co-defendants were "in another area of the above store beyond a curtain and that said area also contained numerous DVDs."

55.    Plaintiff had subsequent court dates on May 18, 2011, August 16, 2011, November 2, 2011, and November 14, 2011.

56.    At the November 14, 2011 court date, all charges against Plaintiff were dismissed in their entirety on the motion of the Assistant District Attorney who had been prosecuting the case.

57.    There was no reasonable basis for the police to think that Plaintiff had any connection with any business – legal or illegal – taking place at the location, or that Plaintiff had committed any sort of crime at all, and Plaintiff's arrest and his treatment by the police, and his prosecution, were without cause or justification.

8

58.    Plaintiff was never provided with a voucher for his iPhone by the Defendant Officers.

59.    Plaintiff has tried twice (both at the 25th Precinct and at police headquarters at 1 Police Plaza), without success, to get his iPhone back from the NYPD.

60.    The numerous hours Plaintiff was forced to spend rear-cuffed were unrelated to any legitimate law-enforcement purpose, and caused Plaintiff to experience significant pain and discomfort.

61.    Plaintiff has – other than this terrible experience – never been arrested or placed in handcuffs on any other occasion.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

62.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

63.    By their conduct and actions in falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff and the location where he was a visitor, maliciously prosecuting plaintiff, abusing process against plaintiff, violating rights to equal protection of plaintiff, violating rights to substantive due process of plaintiff, violating rights to free expression and association of plaintiff, invading plaintiff's privacy and searching, including strip-searching, plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants WILKINSON, DOES and/or ROES, acting under color of law and

9

without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

64.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

65.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

66.    By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

67.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

68.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

69.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

70.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

71.    At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in illegal and harassing raids, stops, frisks, and arrests, particularly upon people of color and/or of foreign birth, and failing to assure that proper procedures were implemented regarding the obtaining of and /or execution of search warrants and searches and seizures (and proper vouchering) of property, and of failing to properly train, supervise or discipline police supervisors and subordinate officers to prevent them from failing to assure that proper procedures were implemented.  Such policies, practices, customs and/or usages

11

are a direct and proximate cause of the unconstitutional conduct alleged herein.

72.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

73.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

74.    The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

75.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

76.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77.    By the actions described above, defendants did inflict assault and battery upon the

plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

79.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80.    By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

82.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

13

83.    By the actions described above, defendants violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## MALICIOUS PROSECUTION

85.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

86.    By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## ABUSE OF PROCESS

88.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

14

89.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

**TENTH CLAIM**

**VIOLATION OF THE EXERCISE OF RIGHTS TO
FREE EXPRESSION AND ASSOCIATION**

91.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

92.     By the actions described above, defendants violated the free expression and association rights of plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

93.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## TRESPASS

94.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

95.     The defendants willfully, wrongfully and unlawfully trespassed upon 2163 First

Avenue, New York, New York, and upon the persons of plaintiff.

96.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

97.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

98.     By the actions described above, defendants engaged in extreme and outrageous

conduct, conduct utterly intolerable in a civilized community, which intentionally and/or

negligently caused severe emotional distress to plaintiff.  The acts and conduct of the defendants

were the direct and proximate cause of injury and damage to the plaintiff and violated his

statutory and common law rights as guaranteed by the laws and Constitution of the State of New

York.

99.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

16

expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

### NEGLIGENCE

100.    The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

101.    The defendants, jointly and severally, negligently caused injuries, emotional

distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

102.    As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

103.    The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

104.    Defendants THE CITY OF NEW YORK negligently hired, screened, retained,

supervised and trained defendants.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

105.    As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

17

expenses, and was otherwise damaged and injured.

## FIFTEENTH CLAIM

## CONVERSION

106.    The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

107.    Through their actions in causing a serious interference with, and/or in seriously

interfering with, plaintiff's right of possession in his property, and/or in exercising unauthorized

possession and/or ownership over plaintiff's property, defendants wrongfully converted plaintiff's

property.  The acts and conduct of the defendants were the direct and proximate cause of injury

and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the

laws and Constitution of the State of New York.

108.    As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## SIXTEENTH CLAIM

## CONSTITUTIONAL TORT

109.    Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

110.    Defendants, acting under color of law, violated plaintiff's rights pursuant to §§ 6,

8, 11 and 12 of the New York State Constitution.

111.    A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

112.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiffs demand the following relief jointly and severally against all of the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empaneling of a jury to consider the merits of the claims herein;

      d.  Costs and interest and attorney's fees;

      e.  A declaratory judgment;

      f.  An injunction requiring return of Plaintiff's iPhone to him;

      g.  Such other and further relief as this court may deem appropriate and equitable.

Dated:       New York, New York
             May 31, 2012

                                    _____
                                    JEFFREY A. ROTHMAN, Esq.
                                    315 Broadway, Suite 200
                                    New York, New York 10007
                                    (212) 227-2980
                                    Attorney for Plaintiff

20